PER CURIAM.
This cause is before us by petition for a writ of certiorari to review the trial judge’s order, interpreting Section 768.40, Florida Statutes (1983), as requiring “peer review” before a “medical review committee” prior to exercising the immunities provided by this statute and concluding the medical staff meeting of Suwannee County Hospital did not meet this requirement. Petitioner asserts that the order departs from the *1306 essential requirements of law and that the error cannot be remedied on appeal. We agree.
Section 768.40(4), Florida Statutes, provides:
(1) As used in this section, the term “medical review committee” or “committee” means a committee of a state or local ^professional society of health care providers or of a medical staff of a licensed hospital or nursing home, provided the medical staff operates pursuant to written bylaws that have been approved by the governing board of the hospital or nursing home, which committee is formed to evaluate and improve the quality of health care rendered by providers of health service or to determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care or that the cost of health care rendered was considered reasonable by the providers of professional health services in the area....

(4) The proceedings and records of committees as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof....
Section 768.40 does not require that there be “peer review” before a medical review committee’s proceedings and records are protected from discovery. The requirements under the statute relevant here are that (1) the committee operate pursuant to bylaws approved by the governing board of the hospital, and (2) the “committee is formed to evaluate and improve the quality of health care rendered.” The medical staff meeting, operating as a committee as a whole, meets these requirements, and its proceedings and records are afforded the discovery immunity granted by the statute.
The record before us establishes that the medical staff meeting was a committee charged by its bylaws with the function of peer review. This is made clear in Article 2,[1] Article 10,[2] and Article 11[3] of the Medical Staff Bylaws of the Suwannee County Hospital. We reject the contention that only the executive committee is authorized to conduct peer review.
*1307 We do not now determine which, if any, of the documents in question are discoverable. We conclude that the medical staff meeting meets the requirements of Section 768.40, Florida Statutes (1983), and that its proceedings and records are therefore not subject to discovery. We remand to the trial court for further consideration in the light of this opinion and for determination of the discoverability of any particular items of evidence.
Accordingly, the writ is granted, the order below is quashed, and the cause remanded for proceedings consistent herewith.
BOOTH, C.J., and WIGGINTON and BARFIELD, JJ., concur.

. Medical Staff Bylaws of the Suwannee County Hospital, Article 2, in pertinent part:
2.2 The responsibility of the Medical Staff is to account for the quality and appropriateness of patient care rendered by all practitioners authorizd [sic] to practice in the Hospital through the following measures:
a. A credentials program, including mechanisms for appointment and reappointment and the matching of clinical privileges to be exercised or specified services to be performed with the verified credentials and current demonstrated performance of the applicant or staff member.
b. A continuing education program, fashioned at least in part on the needs demonstrated through the patient care audit and other quality maintenance programs.
c. An organizational structure that allows continuous monitoring of patient care practices.
d. Retrospective review and evaluation of the quality of patient care through a valid and reliable patient care audit procedure.
e. Recommending to the Government Body action with respect to appointment, reappoint-ments, staff category, departmental and service assignments, clinical privileges, specified services, and corrective action.
f. Accounting to the Governing Body for the quality and efficiency of patient care through reports and recommendations as deemed necessary by the Medical Staff and/or the Governing Body.
g. Initiating and pursuing corrective action with respect to practitioners, when warranted.
h. Developing, administering and seeking compliance with these bylaws, the Rules and Regulations of the Medical Staff and other patient care related Hospital policies.
i. Assisting in identifying community health needs and setting appropriate institutional goals and implementing programs to meet those needs.
*1307 j. Exercising the authority granted by these Bylaws as necessary to adequately fulfill the foregoing responsibilities.

. Medical Staff Bylaws of the Suwannee County Hospital, Article 10, in pertinent part:
10.2 Staff Functions
Provisions shall be made in these bylaws to staff committees, to the staff as a whole, to staff officers, or to interdisciplinary hospital committee for an effective discharge of staff functions specified in this section and Section 3.
10.2-1 Responsibilities of committees operating as a committee of the whole include tissue review, blood utilization, mortality review and antibiotic review, pharmacy and therapeutics, continuing education, credentials and bylaws.

. Medical Staff Bylaws of the Suwannee County Hospital, Article 11, in pertinent part:
11.1 Staff Meetings
11.1-1 Regular Meetings
The President of the Medical Staff may call regular monthly meetings of the staff 12 times per year to:
a. review and evaluate the medical performance of the staff, including the medical, surgical, and obstetrical audit activities of the respective services, and to consider and act upon the committee reports. Notice regarding time and place shall be mailed to each staff member at least one week in advance.